The final case today is No. 13-7047, FRANK v. SHINSEKI. Ms. Szymanski, is that how you pronounce your name? Good afternoon, Your Honor, yes. My name is Daniela Szymanski, and with me at council table is Glenn Bergman. We have the privilege of representing U.S. Marine Corps veteran Joseph Frank, the petitioner in this case today. And we asked this court to set aside the veterans court decision because the veterans court exceeded its authority by engaging in fact finding in the first instance, and it misinterpreted the prejudicial error standard of review set forth in the statute. Specifically, the veterans court exceeded its authority in making factual findings because under the rubric of the harmless error analysis, the veterans court actually reweighed the evidence in this case, something that this court has stated in Deloach, in the recent holding of Deloach, that it is prohibited from doing and that remand is required for the board to reconsider the evidence. So after the veterans court found that there were 31 items of evidence that the board overlooked or mischaracterized, the proper thing for the veterans court to do was to remand this case back to the board for reconsideration of that evidence in total. What about our opinion in Newhouse? Doesn't Newhouse control here? Your Honor, Newhouse is distinguishable. Would we reject this same kind of argument in Newhouse? Your Honor, Newhouse is distinguishable because Newhouse was a notice case, and Newhouse does allow the veterans court to go outside the facts found by the board to look at other facts in the record. However, it doesn't allow the court to make factual findings itself. Newhouse did not abrogate the prohibitions set forth in Chinnery, and in Newhouse it was clear that by looking at the evidence outside the board decision that the veteran had actual notice there. But, I mean, Sanders, Shinseki against Sanders in the Supreme Court, they reversed this. They said we were being too rigid about the harmless error test, and they suggested that the veterans court could properly consider all sorts of different things and that we should leave it to the veterans court to some extent to determine what they should consider in connection with a harmless error analysis. I have difficulty in seeing that the rigid rule that you're suggesting is consistent with the instructions that we got from the Supreme Court in Sanders. Certainly, Your Honor. I am not arguing for a rigid rule. I am actually arguing for the opposite, and what we would like the veterans court to do is to apply the civil law standard set forth in Sanders and to examine each case, the specific factors in each case to form an estimation of the likelihood that the result would have been different. Isn't that what they did here? Isn't that what the veterans court did here? No, Your Honor, it didn't. What the veterans court did here is that it excused the board's oversight of 31 items of favorable evidence of a higher rating in favor of the board's discussion of other evidence. So, in essence, what the veterans court was applying is some lower standard of prejudicial error and not an actual estimation of the likelihood that Mr. Frank would have prevailed had the board been privy to these 31 instances of increased symptomatology. Isn't that really the standard that applies across civil and criminal, that the question is whether or not the result could have been different and whether you use the overwhelming evidence of the contrary conclusion or guilt, depending on what you're looking at, or you use the standard that says the jurist is left with a firm conviction that the result wouldn't have been different. It's still a question of looking at the totality of the evidence and applying some standard to it, correct? Yes, Your Honor, it is. And under 38 U.S.C. 7104, it is the board's responsibility, it is the agency's role, to look at the totality of the evidence and to weigh that evidence and determine whether it preponderates in favor of granting the claim or against granting the claim. Well, that sounds as though you're saying that the harmless error analysis has to be undertaken by the board and can't be undertaken by the veterans court, whereas in Sanders, we were told that we should let the veterans court do it. No, Your Honor. I am advocating that the veterans court should apply the prejudicial error standard and look at cases for harmless error, but that it should apply the correct standard in doing so. How did it imply an incorrect standard? Here, the veterans court excused the oversight of these additional 31 instances of increased symptomatology in favor of the board's discussion of other evidence. So, as I stated already, there was no finding and no discussion of, would these 31 instances have made a difference in the veterans claim? Well, when you say that they discarded it in favor of this other evidence, they basically said, looking at all the evidence, we don't think that their conclusion was wrong, correct? They did not say that, Your Honor. In other words, they might have not used the phrasing that you want, but I don't see them actually using the phrasing that you say they did, which is we're discarding all this evidence and just saying there's enough there in the record. Is that how you think they decided it? Well, in looking at the veterans court's decision, Your Honor, the veterans court did say, in light of the board's extensive review and discussion of evidence for it, the court is unpersuaded that the board's omission prejudiced the appellant. So, I think that the veterans court there was saying it didn't matter that these 31 items of evidence were not considered by the board, and discarding them in favor of the board's otherwise extensive discussion of other evidence and not applying what Sanders anticipated, which was that the claim could be remanded, the board could consider everything, apply the preponderance of the evidence standard again, and also in a non-adversarial proceeding, because the proceedings of the board are non-adversarial at the court. They are adversarial. Well, what if the veterans court had said that even looking at these other 31 pieces of evidence, the rest of the evidence overwhelmingly supports the board's conclusion, and that no fact finder could reasonably come up with a different conclusion? Would that have been okay? Then I think, Your Honor, we would be presented with a similar decision as the veterans court made in Bogan, and I think that had the court said that, it would have been more clear that they were applying the correct standard. But here, given the brevity of their discussion, it's not clear. Is this a pattern of problems that the veterans court, that in terms of their application of the harmless error standard, that they appear to apply too low of a burden? Your Honor, I can say in my experience, yes. And I also feel that this is an opportunity for this court to set some guidance for the veterans court on when their harmless error analysis starts to infringe on inappropriate findings of fact and reweighing of evidence. And I think that this court did so in the Deloach case, and that this is another opportunity for the court to make those parameters clear and to set the right and left lateral limits of where harmless error analysis ends and inappropriate fact finding in excess of an appellate tribunal's authority begins. So for that reason, Mr. Frank asks that this court set aside the veterans court decision and remand it for a new decision that does apply the prejudicial error standard that was contemplated by Sanders in civil cases, specifically looking at what are the effects of the errors here. And as Justice Breyer said in Sanders, the veterans court should be looking at how could the VA's failure to consider this 31 items of evidence that weren't considered have mattered? How could the decision have been different? And in this case, it is clear that given the oversight of all of this extensive evidence of increased rating symptomatology, that the decision could have been different and that there isn't overwhelming evidence against Mr. Frank's claim here. And certainly, there isn't overwhelming evidence against his claim if we only look at the evidence that the board considers. But that sounds like a fact issue. That would be a factual issue for the board, and that's why we're asking that the veterans court not make that factual finding, that the board make that factual finding. And here, the veterans court went so far as to reweigh all of the evidence and say, even if we considered all of these 31 instances that you pointed out in your brief that the board didn't consider, we're going to say his symptomatology was only moderate. How else would the veterans court apply the prejudicial error standard? How would it apply it? I mean, you're saying that it's wrong for them to weigh the evidence to determine whether there was an error below that might have affected the judgment. And I guess I'm asking you, well, how else would they make a determination of whether there was prejudicial error, other than by weighing the evidence? Your Honor, there are certainly circumstances where the veterans court could find an error harmless, even when it involves circumstances similar to Mr. Frank's. And I would point to a circumstance where there's medical evidence in the record that states that these symptoms were attributable to a non-service-connected disability. And therefore, it would be harmless that the board overlook them in regard to his PTSD claim, if it was attributable to a disability that wasn't service-connected. Or if, as previously mentioned, if the board stated even if... And that's what they're supposed to do in determining whether there was harmless error. Your Honor, I would disagree that the veterans court is supposed to re-weigh the evidence. And I would point to the language that this court set forth in Deloach, which was that the veterans court must review the board's weighing of the evidence, not weigh any of the evidence itself. That's Deloach at 1380. Deloach is not a harmless error case, right? Deloach was a case where... Am I correct? You are correct, yes, Your Honor. However, Deloach is a case where the court could have found harmless error, but remanded instead. So the veterans court said that they would not find harmless error and would not re-weigh the evidence, even though it could have in that circumstance, if it was permitted to re-weigh the evidence, as Your Honor suggested. I see that I am in my rebuttal time. I'd like, unless the court has any other questions, I'd like to reserve. Okay, thank you. Yes, Your Honor. Mr. Breskin. May it please the Court. I'd like to start quickly with the discussion of Newhouse, which Judge Chem brought up. Newhouse is a controlling precedent on the very question presented here, and I want to address counsel's attempt to distinguish Newhouse because the attempt to distinguish Newhouse was first that it's a notice case. However, of course, Mr. Frank relies on Sanders for the standard, which he believes should be applied to the harmless error analysis, which itself was a notice case. In addition, in Newhouse, the Veterans Court made a factual determination that the Board had not made. That actual notice had been received by Mr. Newhouse. And so the Veterans Court there did exactly what it did here. It did not rely simply on the facts as found by the Board. It looked at the record of proceedings before the Board and the Secretary as it's statutorily required to do and which is permissible under this Court's decision in Newhouse. I was going to bring up Deloach and the fact that it's a 7261C case, and under 7261C, the Veterans Court is not allowed to conduct a trial de novo of all the evidence. However, under 7261B2, it is not only required to take into account the rule of prejudicial error, but under Newhouse,  What standards should the Veterans Court be applying? Well, the Supreme Court in Sanders set forth both its view of the typical standard as applied in civil litigation and also set forth various standards that apply, including the estimation of the likelihood that the result would have been different. In Sanders, what they're saying is there should not be a mandatory rigid standard, but that it should be left to the discretion of the Veterans Court to look at it on a case-by-case specific analysis, taking into account all the various factors that might be present in that case. It certainly did not endorse, as Mr. Frank's opening brief says, a requirement upon the Veterans Court to find evidence overwhelmingly favors affirmance in order to find that any error was harmless. It simply said that that, among other tests that civil courts have used in the past, is guidance to the Veterans Court of factors that it can take into account. If anything, the standard it said, when it set forth the factors that should be considered, was simply the estimation of the likelihood that the result would be different. That's different than an overwhelming evidence in favor of affirmance. Suppose the Veterans Court, and I understand that the test shouldn't be overwhelming. I think that's not the correct test. But suppose the Veterans Court said, well, look at this, and we think it's sort of 60-40. We think it's 40% possible that the board would have reached a different result, but it's 60% likely that they wouldn't, and so we think under those circumstances it was harmless error. Is that a correct approach? Yes, because in Sanders it made clear that it's the veterans, as the challenger's burden to demonstrate that he or she was prejudiced by the error. So even though the board could have reached a different result, absent the error that they could still treat the error as harmless? I mean it's hard to say that there's a numerical value that could be placed on it. But what's the answer to my question? I mean the Veterans Court says, well, the board could have reached a different result, but we don't think it would have. Is that sufficient to make the error harmless? If it could have reached a different error. I think because the statute allows Veterans Court to look at the facts outside the board, yes, that would be a sufficient basis. If it determined that, although in some circumstances it could, but it's determining based on its review of the record that it would not have reached a different determination, then yes, that is an adequate basis for determining that whatever error there was was harmless. Shouldn't we ask that the court at least go through the factors that Sanders points out are relevant to these kinds of determinations, rather than simply just make a generalized statement that says we think the error was harmless? But that's not what the Veterans Court here did. It didn't just simply say they pointed out an error, we see it, and it's harmless. It reviewed the evidence. And it set forth that it looked at the totality of the record before the board and the secretary. That it did not provide a more complete explication doesn't mean that the Veterans Court did not do so, as this court held in Bernklau v. Principi. The fact that it isn't set forth in a more, basically in a longer opinion, doesn't mean that it did not perform the analysis that it's required. And, in fact, Mr. Frank's burden to set forth evidence that the Veterans Court failed to do so, the Veterans Court decision here shows that it did, in fact, look at the evidence. It discussed evidence of suicidal ideation. It looked at the board and it looked at all the errors. And so I think the characterization of the decision here as just being a recitation of the harmless error standard is incorrect. It did, in fact, analyze the evidence as it's statutorily required to in reaching its prejudicial error determinations. Unless the court has any further questions, we would ask, first, that this court dismiss the appeal for lack of jurisdiction for the reasons set forth in our brief, or, in the alternative, affirm the decision of the Veterans Court below. Thank you, Mr. McOsker. Ms. Sinivsky. Yes, Your Honor. I would like to first point out that Newhouse is a case that predated Sanders. And it must be given the effect of the Supreme Court's holding in Sanders, although Newhouse does stand for the proposition, as I mentioned earlier, that the Veterans Court can review the record of proceedings beyond the facts determined by the board. Sanders also is guidance to the Veterans Court on what should be taken into account in making that prejudicial error determination. And we ask merely that the Veterans Court carefully consider the harmless error under the standards articulated in Sanders, not for a rigid rule that would always require a remand, or that certain cases would just be going through a remand for technicality purposes. And what the Veterans Court lacks in this respect is guidance on what it should do when it finds that the board did commit error, and whether it can go so far as to make the underlying factual findings that would obviate that error. So in Newhouse, my colleague… I don't know that they made factual findings. They basically considered the evidence and did what Sanders said that they should do. Let's consider the likelihood that it would have made a difference. Your Honor, I would submit that what the Veterans Court did did amount to factual finding because it looked at the evidence in total, if we do read that into the short decision that we're provided with. So to the extent that it did look at the evidence in total, it was performing the board's function. It can't look at the evidence in total to determine harmless error? Certainly, Your Honor, it can, and it did so in Vogan. And in Vogan, the Veterans Court said that there cannot conceivably be a result in any disposition of this appeal other than affirmance, and that it could not possibly change the outcome. Here, we're looking at 31 instances of symptoms of an increased rating. This could possibly change the outcome for Mr. Frank. This isn't a case where this evidence is completely irrelevant. It's on point, and it's relevant, and it's something that could affect his outcome. And what we ask this court to do is to provide that guidance to the Veterans Court in circumstances like this and to draw a boundary of where the Veterans Court does go too far in making underlying factual findings. And for that reason, we ask that this court set aside the Veterans Court decision in Mr. Frank's case. Okay. Thank you, Ms. Samantha. Thank you, Your Honor. Thank both counsel. The case is submitted.